In The United States District Court
For The Eastern District of Texas
Sherman Division

Terrence C. Rhodes #19039454
, Plaintiff

V.                                             Case No. 4:20-CV-0007

Michael Hernandez #655
Adam Fredrick #768
The City of Lewisville / Lewisville Police Department
, Defendants

FILED
JUL 23 2020
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

Plaintiffs factual legal claims in support of Plaintiffs Application for Appointment of Counsel (Doc #22).

To The Honorable Judges Sean Jordan and Christine Nowak: comes now Plaintiff Terrence C. Rhodes and files this in support to Plaintiffs Application for appointment of counsel (Doc. 22, and would show as follows, asking that Plaintiffs motion be Granted: The Plaintiff has a constitutional right to meaningful court access and assistance of counsel. see Bounds v. Smith, 430 U.S. 817, 821-23, 97 S.Ct. 1491, 1494-95, 52 L.Ed. 2d 72, 78-80 (1977) (Reviewing the history of Supreme Court decisions that have established a right of access to the courts and the assistance of counsel). First, district courts will generally consider the merits of the claim and determine if it's frivolous (meaning that the claim

lacks merit or substantive (meaning the claim has merit). See Maclin v. Freake, 650 F.2d 885, 887 (7th cir. 1981). The more likely a claim is to be successful (the stronger the legal argument being made), the more likely the district court will be to appoint counsel. See Maclin v. Freake, 650 F.2d 885, 887 (7th cir. 1981). Next, district courts will generally consider additional factors such as the complexity of the facts and legal issues being raised. See Maclin v. Freake, 650 F.2d 885, 887-889 (7th cir. 1981). For example, if the claimant is not able to properly investigate the crucial facts of a case, counsel will generally be appointed. See Maclin v. Freake, 650 F.2d 885, 887-888 (7th cir. 1981). See also Hodge v. Police officers, 802 F.2d 58, 61-62 (2d cir. 1986) (reaffirming that the Maclin factors apply to judicial determinations of appointment of counsel); Maclin v. Freake, 650 F.2d 885, 887-889 (7th cir. 1981) (setting forth the factors for a district court to consider in determining whether to appoint counsel). A court is also more likely to appoint counsel in situations where there is conflicting testimony about relevant evidence, and the factual issues are complicated in such a way that trained attorneys would be more likely to uncover the truth. See Maclin v. Freake, 650 F.2d 885, 888 (7th cir. 1981). The plaintiff, due to being indigent will have trouble developing even the basic facts necessary without the assistance of legal effective counsel. Without

a lawyer, the Plaintiff is risking making a mistake that will waste his limited opportunity and time to win his case due to the following:
1. The complexity of the case
2. The proper cross examination needed
3. Help collecting and overseeing all the evidence
4. And not adequately able to investigate the case, being indigent.

The expertise of counsel will make a difference in the outcome of my case if I need to go to trial. "This is a civil rights case which the Fifth Circuit considers more complex then other civil cases". (Quoting The defendants response to Plaintiff's Application for Appointment of counsel page 2, 3rd paragraph).

Wherefore, Premises considered, The Plaintiff Prays that the court Grant Plaintiff's "Application for Appointment of Counsel"; and award The Plaintiff all other relief to which it may show itself entitled.

Respectfully Submitted,

Terrence C. Rhodes /Plaintiff
#1903454/ Pro-se
Renwashington86@gmail
Lew Sterritt Dallas County Jail
P.O. Box 660334
Dallas, Texas 75266