IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TERRENCE C RHODES, #2320868 | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:20-CV-00007-SDJ-CAN |
| v. | § § | |
| LEWISVILLE POLICE DEPARTMENT, | § § | |
| Defendant. | § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant Lewisville Police Department's ("Defendant" or "Lewisville PD") Rule 12(b)(6) Motion to Dismiss and Brief in Support ("Motion to Dismiss") [Dkt. 15]. The Court, having considered Defendant's Motion to Dismiss, Plaintiff's Response [Dkt. 24], Defendant's Reply [Dkt. 28], Plaintiff's Sur-Reply [Dkt. 35], and all other relevant filings, finds that Defendant's Motion to Dismiss should be **GRANTED** and Plaintiff's Complaint **DISMISSED**, as set forth herein.

### BACKGROUND

On March 15, 2016, Lewisville Police Department Officers arrested Plaintiff Terrence C Rhodes ("Plaintiff") [Dkt. 15-1 at 1].[1] Plaintiff is stated to have run from Lewisville Police Officers after being approached in a parking lot for smoking marijuana in his vehicle [Dkt. 15-1 at 1]. The Lewisville Police Officers' interaction with Plaintiff led to a search of Plaintiff's vehicle that ultimately uncovered a firearm [Dkt. 15-1 at 1-2]. Plaintiff was subsequently indicted for

---

[1] In Plaintiff's Complaint, he alleges that the arrest occurred "around the end of November of 2017" [Dkt. 1 at 4], but that is controverted by the "Lewisville Police Department Details of Arrest" attached to Defendant's Motion to Dismiss [Dkt. 15-1 at 1-15]. Plaintiff further concurs that his arrest date was indeed March 15, 2016, in his Response, and states that he was "excusably confused" due to the lapse of time [Dkt. 24 at 2-3].

Evading Arrest, in violation of the Texas Penal Code § 38.04, and entered a guilty plea in the 367th Judicial District Court of Denton County, Texas [Dkt. 15-2; 15-3]. Plaintiff was represented by court-appointed counsel in connection with these charges [Dkt. 15-2 at 1]. Plaintiff entered a plea of guilty on December 21, 2017, and was sentenced to two years imprisonment [Dkt. 15-2]. As part of his guilty plea, Plaintiff also entered into a Plea in Bar, whereby Plaintiff admitted to committing the additional offense of Unlawful Possession of a Firearm by a Felon [Dkt. 15-3].

Plaintiff filed his original complaint in this action on January 2, 2020, asserting a multitude of claims, primarily consisting of state law theories, and alleged violations of his constitutional rights under 42 U.S.C. § 1983 [Dkt. 1]. Specifically, Plaintiff alleges that "Lewisville Police Officers illegally" searched his girlfriend, took the key of Plaintiff's car out of his girlfriend's pocket, searched Plaintiff's vehicle, and then "lied on the police report, stating that [Plaintiff and his] girlfriend, were in the car smoking weed with the doors ajar" [Dkt. 1 at 4-5]. In connection therewith, Plaintiff asserts claims for: (1) aggravated perjury; (2) violation of Plaintiff's Fourth Amendment rights; (3) violation of Plaintiff's Fifth Amendment rights; (4) violation of Plaintiff's Ninth Amendment rights; (5) false imprisonment; (6) obstruction of justice; (7) deprivation of law; (8) acting under color of state law; (9) illegal search and seizure; and (10) racial profiling [Dkt. 1 at 5]. Plaintiff is requesting monetary relief in the sum of $5,000,000.00 [Dkt. 1 at 4]. Plaintiff was granted *in forma pauperis* status in this cause [Dkt. 5].

On May 21, 2020, after issuance of the Court's Show Cause Order, Defendant filed the instant Motion to Dismiss, seeking dismissal under Rule 12(b)(6) [Dkt. 15]. Defendant argues Plaintiff's Complaint fails to state a claim upon which relief can be granted because Defendant is not a jural entity, Plaintiff's claims are barred by limitations, *Heck v Humphrey*, and governmental immunity, and further, that Plaintiff has asserted claims for which there is no private cause of

action [Dkt. 15 at 2, 6]. In addition, Lewisville PD contends Plaintiff has not alleged a viable theory to support municipal liability [Dkt. 15 at 2]. On June 25, 2020, after being granted an extension, Plaintiff filed a Response [Dkt. 24]. Defendant filed a Reply on June 30, 2020 [Dkt. 28]; and Plaintiff a Sur-reply on July 29, 2020 [Dkt. 35]. Defendant's Motion to Dismiss is ripe for consideration.

## APPLICABLE LEGAL STANDARDS

*Rule 12(b)(6)*

A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. FED. R. CIV. P. 12(b)(6). The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows, that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)) (alteration in original).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth."

*Iqbal*, 556 U.S. at 681.  Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief."  *Id.*  "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements."  *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009).  This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  The Court must accept as true all well-pleaded facts contained in Plaintiff's Complaint and view them in the light most favorable to Plaintiff.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) (citing *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992)).

## ANALYSIS

To reiterate, Defendant argues that Plaintiff's claims should be dismissed because: (1) Defendant is not a jural entity subject to suit; (2) Plaintiff's claims are barred by the applicable statute of limitations and/or provide no private cause of action; (3) *Heck v. Humphrey* precludes Plaintiff's federal claims; (4) Plaintiff's state law claims fail to state a claim upon which relief can be granted; and (5) Plaintiff's federal claims fail to adequately allege municipal liability theory [Dkt. 15 at 5-14].  Plaintiff contends dismissal is inappropriate at this juncture as the Court needs to review the evidence before dismissing his case, limitations should be equitably tolled, *Heck v. Humphrey* does not apply as he is not seeking to recover monetary damages based on his "unlawful conviction or imprisonment," and that municipal liability is applicable here because Defendant, or the city of Lewisville, "failed to adequately train Police Officers" [Dkt. 24].  Upon review, the Court agrees that Plaintiff's claims should be dismissed.

*Non-Jural Entity*

Plaintiff names the Lewisville PD as Defendant. Defendant urges dismissal of Plaintiff's claims against it is proper, as "the Lewisville PD is not a jural entity that is subject to suit, which as a matter of law precludes Plaintiff's claims in their entirety" [Dkt. 15 at 2].² "The capacity of an entity [such as a police department] to be sued is 'determined by the law of the state in which the district court is held.'" *Hutchinson v. Box*, No. 4:10-CV-240, 2010 WL 5830499, at *1 (E.D. Tex. Aug. 20, 2010), *report and recommendation adopted*, No. 4:10-CV-240, 2011 WL 839864 (E.D. Tex. Feb. 17, 2011) (quoting Fed. R. Civ. P. 17(b)). "A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence." *Halton*, 2013 WL 1148758, at *4 (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir. 1991)). "In *Darby*, the Fifth Circuit held that 'unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself.'" *Id.* (citing *Darby*, 939 F.2d at 313). "A plaintiff has the burden of showing that a . . . department has the capacity to be sued. However, if a plaintiff fails to allege or demonstrate that such defendant is a separate legal entity having jural authority, then claims against that entity should be dismissed as frivolous and for failing to state a claim." *Hutchinson*, 2010 WL 5830499, at *1 (internal citations and quotations omitted). Plaintiff has not alleged that the Defendant has been

---

² Defendant urges Plaintiff's claims be dismissed based on Defendant's status as a non-jural entity under Rule 12(b)(6); Rule 12(b)(6) is the proper vehicle for the Court's consideration of dismissal of a non-jural entity. *See Bowling v. Clerk of Ct., Fifth Dist. Ct. App.*, No. 4:18-CV-610-ALM-CAN, 2019 WL 2526533, at *5 (E.D. Tex. Mar. 8, 2019) (finding that dismissal for failure to state a claim against a non-jural entity is "more appropriate under Rule 12(b)(6)") (listing cases), *report and recommendation adopted sub nom. Bowling v. Dahlheimer*, No. 4:18-CV-610, 2019 WL 3712025 (E.D. Tex. Aug. 7, 2019), *reconsideration denied*, No. 4:18-CV-610, 2020 WL 5096569 (E.D. Tex. Aug. 28, 2020); *Halton v. Duplantis*, No. 3:12-CV-4274-B-BH, 2013 WL 1148758, at *1 (N.D. Tex. Mar. 1, 2013) ("This Court agrees that a motion to dismiss claims against a non jural entity for failure to state a claim is properly raised under Rule 12(b)(6)."), *report and recommendation adopted*, No. 3:12-CV-4274-B, 2013 WL 1155436 (N.D. Tex. Mar. 20, 2013).

granted the power to sue or be sued. Moreover, federal courts in Texas have uniformly found that police departments do not have a jural existence. *See Brodzki v. N. Richland Hills Police Dep't*, No. 3:10-CV-0539-P-BH, 2010 WL 1685799, at *1 (N.D. Tex. Mar. 31, 2010) ("[A] police department is not a jural entity that can be sued."), *report and recommendation adopted*, No. 3:10-CV-0539-P-BH, 2010 WL 1685798 (N.D. Tex. Apr. 19, 2010), *aff'd*, 413 F. App'x 697 (5th Cir. 2011); *see also Harris v. Longview Police Dept.*, No. 6:19-CV-13, 2019 WL 1907466 (E.D. Tex. Mar. 26, 2019) ("The Longview Police Department, however, has no jural existence and cannot be sued."); *Propes v. Plano Police Dept.*, No. Civ. A. 4:03-CV-87, 2005 WL 1177880 (E.D. Tex. May 18, 2005) (holding the Plano Police Department lacked a separate jural existence); *Morales v. Carrillo*, No. EP19CV00217PRMATB, 2020 WL 3684864, at *23 (W.D. Tex. July 6, 2020) ("The Plaintiffs have failed to establish that [the El Paso Police Department] enjoys a separate, legal existence from the City of El Paso and, therefore, EPPD cannot be separately sued."). Defendant Lewisville PD is a non-jural entity and should therefore be dismissed.[3]

### *Statute of Limitations – Counts 2, 3, 4, 5, 9 and 10*

Even if Lewisville PD was capable of being sued, limitations would further bar Plaintiff's claims. Here, Defendant argues that Plaintiff's claims for "alleged violations of federal constitutional rights, including search and seizure and racial profiling (counts 2-4 and 9-10), and false imprisonment ([count] 5)" are all barred by the statute of limitations [Dkt. 15 at 5-7]. Plaintiff argues that the Court should apply equitable tolling to his claims; that he was unaware he had a

---

[3] The Court notes that while *pro se* plaintiffs are often allowed an opportunity to amend their complaint prior to dismissal where a non-jural entity is named as defendant, here, such amendment would be futile as Plaintiff's claims would remain time barred. *See Robertson v. Sun Life Fin.*, No. CV 17-2148, 2017 WL 4226205, at *4 (E.D. La. Sept. 22, 2017) ("Because plaintiff's claims are barred by the statute of limitations, amendment would be futile."); *Mornes v. Valdez*, 414 F. Supp. 3d 888, 892 (N.D. Tex. 2019) (Denying motion to amend complaint where "the statute of limitations would bar any potential claims against [defendant], rendering her addition as a defendant futile."). Therefore, Plaintiff's Motion to Amend Claim According to Fed. R. Civ. P. 15(a) [Dkt. 25], should be denied as such amendment would be futile.

claim until December 21, 2017, when Plaintiff "found out from his lawyer that [his] case was a sueable [sic] matter" [Dkt. 24 at 3]. To be clear, Defendant advances that a two-year statute of limitations bars all of Plaintiff's claims (which are cognizable under the law and/or for which Plaintiff has a private right of action). The Court agrees each such claim is barred by the statute of limitations.

Because there is no federal statute of limitations for actions brought pursuant to § 1983, federal courts borrow the forum state's general personal injury limitations period. *Bargher v. White*, 928 F.3d 439, 445 (5th Cir. 2019), *as revised* (July 2, 2019) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). "Texas has a two year statute of limitations for personal injury claims[;]" therefore, Plaintiff had two years from the date his claims accrued to file suit. *Balle v. Nueces Cty., Tex.*, 952 F.3d 552, 556 (5th Cir. 2017) (citing *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001)). But "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018) (citing *Wallace*, 549 U.S. at 388) (emphasis in original), *cert. denied sub nom. Johnson v. Winfrey*, 139 S. Ct. 1549 (2019). Generally, "the limitations period begins to run once the plaintiff 'becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Matter of Hoffman*, 955 F.3d 440, 444 (5th Cir. 2020) (citing *Piotrowski*, 237 F.3d at 576). A plaintiff need not know that he has a legal cause of action; he need know only the facts that would ultimately support a claim. *See Hunter v. Pitre*, No. 3:17-CV-1093-S-BH, 2020 WL 3619533, at *4 (N.D. Tex. Apr. 16, 2020) (citing *Piotrowski*, 237 F.3d at 576), *report and recommendation adopted*, No. 3:17-CV-1093-S-BH, 2020 WL 3618514 (N.D. Tex. July 2, 2020). Along with his federal claims under § 1983, Plaintiff's state law claim for false imprisonment, has the same two-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a). Further,

false imprisonment claims based on an allegedly unlawful arrest and detention accrue when the plaintiff is arrested. *Shugart v. Hoover*, No. 4:17-CV-00633-ALM-CAN, 2018 WL 4600308, at *12 (E.D. Tex. Jan. 26, 2018) (citing *Lopez v. Unknown Galveston Police Officer No. 1*, No. CIV.A. G-06-0371, 2007 WL 1108736, at *6 (S.D. Tex. Apr. 11, 2007), *aff'd sub nom. Lopez v. Mack*, 293 F. App'x 355 (5th Cir. 2008)), *report and recommendation adopted*, No. 4:17-CV-633, 2018 WL 2454676 (E.D. Tex. June 1, 2018), *appeal dismissed*, No. 18-40718, 2018 WL 7142040 (5th Cir. Oct. 10, 2018).

The entirety of Plaintiff's complaints relates to his arrest that occurred on March 15, 2016 [Dkt. 15-1 at 1; 24 at 2]. Plaintiff's suit was filed on January 2, 2020; insofar as Plaintiff seeks to complain of conduct that occurred prior to January 2, 2018, his § 1983 claims are barred by the two-year statute of limitations. *Rodarte v. Beneficial Tex. Inc.*, No. SA-16-CA-71-RP, 2016 WL 1312637, at *10-12 (W.D. Tex. Apr. 4, 2016) (Plaintiff's § 1983 claims were time-barred where plaintiff filed a lawsuit on January 19, 2016, and complained of mishandling of his legal submissions "in 2005, 2008, 2010, and 2013[.]"); *Bowling v. Willis*, No. 4:18-CV-610-ALM-CAN, 2019 WL 2517090, at *10 (E.D. Tex. Apr. 2, 2019) ("Accordingly, as Plaintiff's Complaint was filed on August 23, 2018," as for any conduct plaintiff seeks to complain of and/or recover for "that occurred prior to August 23, 2016, her § 1983 claims are barred by the two-year statute of limitations."), *report and recommendation adopted sub nom. Bowling v. Dahlheimer*, No. 4:18-CV-610, 2019 WL 3712025 (E.D. Tex. Aug. 7, 2019), *reconsideration denied*, No. 4:18-CV-610, 2020 WL 5096569 (E.D. Tex. Aug. 28, 2020). Plaintiff's claim for false imprisonment is also time barred, as he was arrested March 15, 2016 and did not bring his claim for false imprisonment until January 2, 2020 [Dkt. 1]. *See Shugart*, 2018 WL 4600308, at *12 (finding plaintiff's claim for false imprisonment time barred where plaintiff was arrested on September 5, 2013, and did not

file his claims until March 30, 2017); *Bailey v. Willis*, No. 4:17-CV-00276-ALM-CAN, 2018 WL 3321461, at *12 (E.D. Tex. Jan. 11, 2018) ("Plaintiff's claim for false imprisonment is time-barred" where plaintiff was convicted on April 26, 2012, but did not file his complaint until April 20, 2017.), *report and recommendation adopted*, No. 4:17-CV-276, 2018 WL 2126476 (E.D. Tex. May 8, 2018).

Notwithstanding, Plaintiff argues that the statute of limitations should be equitably tolled because he was unable to file his lawsuit in the applicable two-year period due to "extraordinary circumstances beyond his control" [Dkt. 24 at 4]. A court may equitably toll the applicable limitations period for claims under 42 U.S.C. § 1983. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "The doctrine of equitable tolling preserves a plaintiff's claims when the strict application of the statute of limitations would be inequitable." *United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotations omitted). However it "applies only in 'rare and exceptional circumstances.'" *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002). Equitable tolling requires "a showing that '(1) [a litigant] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mornes v. Valdez*, 414 F. Supp. 3d 888, 891-92 (N.D. Tex. Oct. 25, 2019) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (alteration in original). The party seeking equitable tolling bears the burden to show entitlement to such tolling. *Coltart v. Texas*, No. W-19-CA-464-ADA, 2020 WL 5416515, at *5 (W.D. Tex. Aug. 6, 2020) (citing *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002)).

Courts apply equitable tolling sparingly; "a litigant may not use the doctrine 'to avoid the consequences of their own negligence.'" *Vega v. Town of Flower Mound, Tex.*, 737 F. App'x 683, 685 (5th Cir. 2018); *see also Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011)

("Equitable tolling is to be applied 'sparingly.'"). "Equitable tolling applies principally where the [Defendant] is actively misled . . . about the cause of action or is prevented in some extraordinary way from asserting his rights." *Patterson*, 211 F.3d at 930 (internal quotations omitted). "Whether to equitably toll the limitations period turns on the facts and circumstances of each case." *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008).

To support his assertion that the statute of limitations should be tolled, Plaintiff argues he was unable to file his lawsuit within the applicable limitations period because he: did not understand the legal materials; had limited access to the law library at the Denton County Jail; was shipped from "facility to facility in processing getting ready to be released;" and upon release met with lawyers but had family issues that prohibited him from hiring an attorney and filing suit [Dkt. 24 at 3-5]. Plaintiff has failed to assert facts that establish "rare and exceptional circumstances" such that the Court may equitably toll the limitations on his causes of action. *See e.g., Joe v. Fitzsimmons*, No. 3:15-CV-3303-B, 2015 WL 9906188, at *2 (N.D. Tex. Dec.8, 2015) ("Unfamiliarity with the legal process does not justify equitable tolling.") (citing *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.1999)), *report and recommendation adopted*, No. 3:15-CV-3303-B-BN, 2016 WL 279101 (N.D. Tex. Jan. 21, 2016); *Hogg v. Sparkman*, No. 4:11CV148 HTW-LRA, 2012 WL 3095578, at *2 (S.D. Miss. July 6, 2012) ("Although the Fifth Circuit has not directly addressed the issue, federal courts consistently hold that routine prison transfers are not sufficiently rare or extraordinary to warrant equitable tolling.") (listing cases), *report and recommendation adopted*, No. 4:11-CV-148 HTW-LRA, 2012 WL 3078190 (S.D. Miss. July 30, 2012); *Lindo v. Lefever*, 193 F. Supp. 2d 659, 663 (E.D.N.Y.2002) (finding that transfers between prison facilities, solitary confinement, lockdowns, and restricted access to the law library do not qualify as extraordinary circumstances warranting equitable tolling); *Madis v. Edwards*, 347 Fed.

App'x 106, 108 (5th Cir. 2009) ("Neither [plaintiff's] lack of representation nor his attempt to acquire counsel is sufficient to toll the limitations period under Texas law.") (citing *Kelly v. City of Wichita Falls*, 65 F. App'x 508 (5th Cir.2003)); *Coltart*, 2020 WL 5416515, at *5-6 ("[T]he Fifth Circuit has held that even illiteracy is an insufficient ground to permit equitable tolling in the § 1983 context. . . . [T]he Fifth Circuit has also repeatedly held that an inadequate prison law library does not constitute a 'rare and exceptional circumstance' warranting equitable tolling.").

Further, even if the Court were to toll limitations to the date Plaintiff requests, to when Plaintiff "found out from his lawyer that [his] case was a sueable [sic] matter," December 21, 2017 [Dkt. 24 at 3], it would not alter the conclusion that Plaintiff's claims are barred. Plaintiff did not file suit until January 2, 2020 – more than two years from when Plaintiff claims he first learned he had a "sue-able" claim (and more than three years and nine months after the alleged incident) [Dkt. 1].

"The Fifth Circuit has held that where it is clear from the face of an *in forma pauperis* complaint that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed as frivolous." *Von Lee v. Cerliano*, No. 6:19-CV-28, 2019 WL 2487645, at *2 (E.D. Tex. Mar. 26, 2019) (citing *Abston v. Federal Bureau of Prisons*, 689 F. App'x 304 (5th Cir. May 9, 2017)), *report and recommendation adopted*, No. 6:19-CV-00028-RWS, 2019 WL 2476082 (E.D. Tex. June 13, 2019); *see also Hunter*, 2020 WL 3619533, at *6 (Finding claim to be barred by statute of limitations where "[p]laintiff's complaint establishes that he knew the facts that form the basis for his claims on June 4, 2015, when he was served with the state lawsuit" and "did not seek leave to amend his complaint to add the defendants involved in the lawsuit until June 6, 2017, more than two years after his claims accrued."). Plaintiff's claims for "alleged

violations of federal constitutional rights, including search and seizure and racial profiling (counts 2-4 and 9-10), and false imprisonment ([count] 5)" are all barred by the statute of limitations.

***Not Cognizable Civil Causes of Action- Counts 1, 6, 7, and 8***

Defendant further argues, and the Court agrees, that Plaintiff's "remaining claims of 'aggravated perjury' (a criminal offense), 'obstruction of justice,' 'deprivation of law,' and 'acting under color of state law' are not legally recognized civil causes of action" [Dkt. 15 at 6]. "[T[here is no private cause of action under a federal criminal statute." *Lopez v. Kora*, No. 3:12-CV-0510-M BK, 2012 WL 1242376, at *2 (N.D. Tex. Mar. 12, 2012) (citing *Pierre v. Guidry*, 75 F. App'x 300, 300 (5th Cir. 2003) (per curiam)), *report and recommendation adopted*, No. 3:12-CV-0510-M BK, 2012 WL 1242341 (N.D. Tex. Apr. 12, 2012). Accordingly, Plaintiff cannot assert a claim for the criminal offenses of "aggravated perjury" (count 1) or "obstruction of justice" (count 6). *See Bryant v. CIT Grp./Consumer Fin., Inc.*, 303 F. Supp. 3d 515, 524 (S.D. Tex. 2018) (citing *Mathis v. DCR Mortg. III Sub, I, LLC*, 952 F.Supp.2d 828, 836 (W.D. Tex. 2013) ((quoting *Hamilton v. Pechacek*, 319 S.W.3d 801, 813 (Tex. App.—Fort Worth 2010, no pet.) ("[T]he Texas Penal Code does not create a private cause of action.")); *Williams v. Williams*, No. 3:12-CV-0705-N BK, 2012 WL 3704277, at *3 (N.D. Tex. July 27, 2012) ("In regard to Plaintiff's allegations of false statements and/or perjury by the individual Defendants, there is no private cause of action for perjury in federal court."), *report and recommendation adopted*, No. 3:12-CV-0705-N BK, 2012 WL 3715159 (N.D. Tex. Aug. 28, 2012); *Glatfelter v. City of Paris*, No. 4:16-CV-00938, 2017 WL 2857690, at *3 (E.D. Tex. May 31, 2017) ("[T]here is no private cause of action for obstruction of justice and other possible criminal violations. Rather, such claims are in the province of state and federal prosecutors, not private citizens."), *report and recommendation adopted*, No. 4:16-CV-00938, 2017 WL 2834699 (E.D. Tex. June 30, 2017). The Court further

notes that "deprivation of law" (count 7) is neither a civil nor a criminal cause of action. Moreover, "acting under color of state law" (count 8) is not a cause of action, rather it is a theory on which to base liability. *See Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) ("To prevail upon a § 1983 claim a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the constitutional violation.").[45]

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendant Lewisville Police Department's Rule 12(b)(6) Motion to Dismiss and Brief in Support [Dkt. 15] be **GRANTED** and the entirety of Plaintiff's suit be **DISMISSED WITH PREJUDICE**, and that Plaintiff's Motion to Amend Claim According to Fed. R. Civ. P. 15(a) [Dkt. 25] be **DENIED**.

---

[4] In addition, Defendant argues dismissal is proper under *Heck v. Humphrey*. In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that a § 1983 claim attacking the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir.1996). A finding in favor of Plaintiff would imply the invalidity of his conviction. Plaintiff's conviction, however, has not been reversed, expunged, or otherwise invalidated. Hence, even were Plaintiff's claims not otherwise barred, his claims would necessarily have to be dismissed until the *Heck* conditions are met.

[5] Because the Court recommends Plaintiff's claims be dismissed with prejudice as time-barred and not providing a private cause of action, the Court does not reach Defendant's remaining bases for relief. *Alfano v. Skinner*, No. 4:18-CV-00512-ALM-CAN, 2020 WL 6482982, at *4 (E.D. Tex. Aug. 17, 2020), *report and recommendation adopted sub nom. Alfano v. Skinner*, No. 4:18-CV-512, 2020 WL 5587240 (E.D. Tex. Sept. 18, 2020); *see also Edwards v. Owens*, No. 1:17CV399, 2020 WL 3442845, at *1 (E.D. Tex. May 11, 2020) (solely recommending dismissal under 28 U.S.C. § 1915A on the basis that the plaintiff's § 1983 claim is time-barred), *report and recommendation adopted*, No. 1:17-CV-399, 2020 WL 3429041 (E.D. Tex. June 23, 2020); *Williams*, 2012 WL 3704277, at *3 (finding that Plaintiff's allegations of false statements and perjury should be dismissed with prejudice as frivolous); *Tennyson v. Hatton*, No. 6:16-CV-1206, 2020 WL 2563294, at *2 (E.D. Tex. Apr. 2, 2020) (solely recommending the Court grant two defendants' motion to dismiss on the basis that plaintiff's § 1983 claim is barred by the statute of limitations), *report and recommendation adopted*, No. 6:16-CV-01206, 2020 WL 2561771 (E.D. Tex. May 20, 2020); *Morrill v. City of Denton, Tex.*, No. 4:14CV749, 2016 WL 11472647, at *5 (E.D. Tex. July 15, 2016) ("Because the Court finds that Plaintiff's claims are barred by the statute of limitations and should be dismissed, the Court need not address Defendants' other dismissal arguments, including any qualified or other immunity defenses."), *report and recommendation adopted sub nom. Morrill v. City of Denton*, No. 4:14CV749, 2016 WL 4472776 (E.D. Tex. Aug. 25, 2016), *aff'd sub nom. Morrill v. City of Denton, Tex.*, 693 F. App'x 304 (5th Cir. 2017).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

It is **ORDERED** that Defendant's Motion to Stay Discovery Obligations [Dkt. 21] and Plaintiff's Motion for Mandatory Discovery and Inspection of Evidence Rule 26(e) and Rule 34 of Production of Documents [Dkt. 23] are each **DENIED AS MOOT**.

**SIGNED this 2nd day of December, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE